PER CURIAM.
This disciplinary proceeding by The Florida Bar against Steadman S. Stahl, Jr., a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
(1) Findings of Fact pertaining to misconduct:
a. By Superseding Indictment in the United States District Court for the Southern District of Florida, Case No. 85-6004 Cr-Nesbitt-(S)(S), USA vs. Thompson, etc., et al., Respondent was charged by Count 18 thereof, as follows:
1. The General Allegations of this Indictment, numbered one through eleven inclusive, are realleged and expressly incorporated herein.
2. From in or about October, 1983 until on or about February 1, 1985, Grand Jury 83-3(FL) was investigating and attempting to determine, among other things, the true owner of the *541 Amity Yacht Center from June, 1980 until in or about April 1983.
3. On or about October 28, 1983, attorney STEADMAN S. STAHL, JR. was served with a Grand Jury subpoena for the production of various real estate records relating to the purchase and sale of the Amity Yacht Center.
4. From on or about November 18, 1983, and continuing up to on or about December 3, 1984, in the Southern District of Florida, defendants RAYMOND MICHAEL THOMPSON, IRVING SCHRAGER, STEADMAN S. STAHL, JR. and ALFRED F. CIFFO knowingly and willfully endeavored to corruptly influence, obstruct and impede the due administration of justice by submitting and causing to be submitted to the United States Department of Justice for presentation to Grand Jury 83-3(FL), real estate transaction records which were intended to establish that from on or about June 11, 1980 until in or about April 1983, the Amity Yacht Center was owned by Gulf Investments, a Cayman Island corporation, and that Gulf Investments was owned from on or about June 11, 1980 until in or about April 1983 by Rafael Rodriguez-Echevarria, which real estate transaction records the defendants well knew were false and misleading and not true evidence of the ownership of the Amity Yacht Center.
All in violation of Title 18, United States Code, Sections 1503 and 2.
b. Respondent pled guilty to that charge.
c. Judgment was entered by the United States District Court finding Respondent guilty of the Count 18 charge.
d. By Order dated October 29,1985 in Case Number 67,507, the Supreme Court of Florida suspended Respondent from the practice of law.
e(l). Rule 11.07(1) provides that the entry of the described Judgment of the United States District Court “... shall be conclusive proof of the guilt of the offense charged ...” and the undersigned so finds.
e(2). Respondent concedes here, as he did in the United States District Court, that he prepared a document which contained a false date and had possession in his file of other documents which were false and that upon receipt of a subpoena to produce his entire file complied, although the file contained the false documents.
e(3). Respondent denies that he produced the documents with the intent to obstruct justice, rather, that he had no choice but to comply with the subpoena. Respondent testifies here that in the United States District Court, he never denied the falsity of the documents and testifies that despite his plea of guilty to Count 18 as worded, supra, [paragraph] (l)a, that he never had the intent to obstruct justice.
f. As to “... each item of misconduct of which the respondent is charged ...” (Rule 11.06(9)a(l)), the undersigned finds:
1. CHARGE: Violation of Integration Rule 11.02(3)(a).
FINDING: Respondent did violate Rule 11.02(3)(a) in that at the time of the preparation of a certain document or the receipt of others he knew, as he admits, that he was acting contrary to honesty, justice and good morals. The purpose of the documents was to comply with the request of the client-owner to transfer nominal ownership to an off-shore entity.
2. CHARGE: Violation of Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(1).
FINDING: Respondent did violate a Disciplinary Rule; viz, Integration Rule 11.02(3)(a), supra, and Code of Professional Responsibility Rules 1-102(A)(4) and (6) to the extent found below.
3. CHARGE: Violation of the Florida Bar Code of Professional Responsibility Disciplinary Rule 1-102(A)(3).
FINDING: Respondent has not been shown to have violated [DR 1-102(A)(3) ] and, in the alternative, on the record as a *542 whole, it is found that Respondent did not violate such Rule.
4. CHARGE: Violation of the Florida Bar Code of Professional Responsibility Disciplinary Rule 1-102(A)(4).
FINDING: Respondent engaged in conduct involving dishonesty as explained at paragraph (l)e. above. There was no publication, communication or recording of any false document or statement to one expected to rely; hence, references to "... fraud, deceit, or misrepresentations.” in the Rule have not been shown.
5. CHARGE: Violation of Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(6).
FINDING: Respondent has engaged in no other conduct beyond that described above which adversely reflects on his fitness to practice law.
(2) Recommendations whether Respondent should be found guilty of misconduct justifying disciplinary measures:
The Respondent should be found guilty of misconduct justifying disciplinary measures. Respondent concurs in this recommendation narrowing the issue to the nature and extent of such measures.
(3) Recommendations as to disciplinary measures:
RECOMMENDATION: The undersigned respectfully recommends that the appropriate discipline prayed for by Complainant be:
a. Suspension from the practice of law for a period of three years from October 29,1985, the date of the suspension order of the Supreme Court of Florida; and
b. That such suspension continue until completion of the sentence imposed by the United States District Court by judgment entered on or about October 21, 1985 or any modification of the sentence imposed by later order of the United States District Court; and,
c.That such suspension continue pursuant to Integration Rule 11.07(4) until:
(1) Respondent’s civil rights have been restored, and,
(2) Respondent applies for and is reinstated per Rule 11.11.
(references to exhibits omitted).
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Steadman S. Stahl, Jr., is hereby suspended from the practice of law in the State of Florida effective, nunc pro tunc, October 29, 1985. Respondent’s suspension shall continue until completion of the sentence imposed by the United States District Court by judgment entered on or about October 21, 1985 or any modification of the sentence imposed by later order of the United States District Court, respondent’s civil rights have been restored and respondent applies for and is reinstated per article XI, Rule 11.11 of the Integration Rule of The Florida Bar.
Judgment for costs in the amount of $845.00 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., dissents.